1  **WO**
2
3
4
5
6  **IN THE UNITED STATES DISTRICT COURT**
7  **FOR THE DISTRICT OF ARIZONA**
8

| Mammie Fesko,                                   | No. CV-19-01366-PHX-DWL |
|-------------------------------------------------|-------------------------|
| Plaintiff,                                      | **ORDER**               |
| v.                                              |                         |
| Equiant Financial Services Incorporated, et al.,|                         |
| Defendants.                                     |                         |

The Rule 16 scheduling conference in this case, which was removed from state court in February 2019, is scheduled for Monday, April 22, 2019. As discussed below, the parties should be prepared to address at Monday's hearing why this case should not be remanded back to state court due to the absence of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

As background, this lawsuit was originally filed in state court on August 1, 2018. (Doc. 1 ¶ 1.) The complaint asserts only state-law causes of action. (*Id.* ¶ 2.) On October 19, 2018, one of the defendants (Equiant) filed a motion to dismiss. (*Id.* ¶ 3.) On January 14, 2019, the trial court heard oral argument on the motion and then solicited supplemental briefing from the parties concerning whether one of the state-law causes of action was valid. (*Id.*) On January 28, 2019, Plaintiff filed her supplemental brief with the trial court and also filed a motion for leave to file an amended complaint. (*Id.*) The motion stated that Plaintiff wished to assert a new state-law claim (negligent hiring) as well as assert new

federal claims for "civil rights violations under 42 U.S.C. §§ 1983, 1985(2), and 1986." (*Id.* ¶ 4.) On February 27, 2019—before the trial court took any action on the motion for leave to amend—Equiant removed the case to federal court. (Doc. 1.) The notice of removal states this Court has subject matter jurisdiction under 28 U.S.C. § 1331 based on the "new claims of civil rights violations." (*Id.* ¶ 7.)

Although the presence of federal claims may render a case removable to federal court, the issue here is that the operative complaint doesn't contain any federal claims. True, Plaintiff filed a motion requesting leave to amend her complaint to assert new federal claims, but the trial court never granted the motion. Removal is arguably inappropriate in this circumstance. *See, e.g.*, *Glass v. City of Chattahoochee*, 2016 WL 3128370, *4-6 (N.D. Fla. 2016) ("[I]f a case as initially filed is not removable because it asserts only state law claims, the majority of courts have required a motion to amend the pleading [to add federal claims] be granted prior to removal."); *Torres v. Chevron U.S.A., Inc.*, 2004 WL 2348274, *2 (N.D. Cal. 2004) ("The Ninth Circuit has not ruled on the issue of whether a case can be removed from the state court on the basis of a pending motion to amend a complaint to include federal causes of action. However, 'the courts that have considered the issue have found that removal on the basis of federal claims asserted in a motion to amend the complaint, prior to the court's ruling on the motion, is premature.'") (citation omitted).

The Court further notes that it has serious questions about the validity of the proposed new federal claims (which, again, don't exist yet). The complaint alleges, in a nutshell, that Plaintiff was improperly fired by her private employer. It is unclear how the federal civil rights statutes, which require a showing of state action, could apply in this context. *See, e.g.*, *Howard v. Food Lion, Inc.*, 232 F. Supp. 2d 585, 597 (M.D.N.C. 2002) ("Section 1983 provides legal redress to those whose constitutional rights have been violated by state or local government actors. Because neither Food Lion nor its store managers acted under color of state law, Plaintiff's § 1983 claim against the Food Lion Defendants will be dismissed.") (citation omitted); *Woods v. Princeton Packaging, Inc.*,

655 F. Supp. 215, 217 (W.D. Wash. 1987) ("Section 1983 does not apply to a private employer unless the private employer's conduct is fairly attributable to the State or unless he is a willful participant in joint activity with the State or its agents."). *See also* Doc. 9 at 5 (defendant's argument, in Rule 26(f) report, that the federal claims are invalid). The Court raises this concern because, even if the initial attempt at removal was somehow appropriate, the Court need not retain jurisdiction over Plaintiff's state-law claims if it later dismisses her federal claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a [pendent state-law claim] if . . . the district court has dismissed all claims over which it has original jurisdiction."); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

The parties should be prepared to address these matters at the hearing on Monday, April 22, 2019.

Dated this 18th day of April, 2019.

_____
Dominic W. Lanza
United States District Judge