**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mammie Fesko, | No. CV-19-01366-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Equiant Financial Services Incorporated, et al., | |
| Defendants. | |

On April 22, 2019, the Court issued an order ("the Order") questioning, among other things, whether Defendant Equiant Financial Services Inc.'s ("Equiant") effort to remove this action from state court was premature. (Doc. 10.) Equiant and Plaintiff have now filed supplemental briefs addressing the issues raised in the Order. (Docs. 12, 13.) As explained below, the Court is not persuaded by the parties' arguments and will thus remand this action to state court.

A.  Background

This lawsuit was originally filed in state court on August 1, 2018. (Doc. 1 ¶ 1.) The complaint asserts only state-law causes of action. (*Id.* ¶ 2.)

On October 19, 2018, Equiant filed a motion to dismiss. (*Id.* ¶ 3.)

On January 14, 2019, the trial court heard oral argument on the motion and then solicited supplemental briefing from the parties concerning whether one of the state-law causes of action was valid. (*Id.*)

On January 28, 2019, Plaintiff filed her supplemental brief with the trial court and

1 also filed a motion for leave to file an amended complaint. (*Id.*) The motion stated that Plaintiff wished to assert a new state-law claim (negligent hiring) as well as assert new federal claims for "civil rights violations under 42 U.S.C. §§ 1983, 1985(2), and 1986." (*Id.* ¶ 4.)

On February 27, 2019—before the trial court took any action on the motion for leave to amend—Equiant removed the case to federal court. (Doc. 1.) The notice of removal states this Court has subject matter jurisdiction under 28 U.S.C. § 1331 based on the "new claims of civil rights violations." (*Id.* ¶ 7.)

On March 6, 2019, the trial court issued an order purporting to grant Plaintiff's motion for leave to amend. (Doc. 12-1.) This order does not address whether the trial court still possessed jurisdiction to act upon the motion in light of Equiant's removal notice. (*Id.*)

B. Equiant's Supplemental Brief (Doc. 12)

The Order identified several cases holding that "removal on the basis of federal claims asserted in a motion to amend the complaint, prior to the court's ruling on the motion, is premature.'" *Torres v. Chevron U.S.A., Inc.*, 2004 WL 2348274, *2 (N.D. Cal. 2004) (citation omitted). In its supplemental brief, Equiant argues these cases were incorrectly decided for two reasons.

First, Equiant contends its position is supported by the plain language of the removal statute, 28 U.S.C. § 1446(b)(3). Specifically, Equiant argues that § 1446(b)(3) authorizes removal as soon as the defendant receives "a copy of an amended pleading, motion, order or other paper" demonstrating the case is removable. Equiant contends that "[g]laringly absent from the statute is any discussion about a need for the motion to be granted or the amended complaint to be filed." (Doc. 12 at 2.)

The Court respectfully disagrees. Although § 1446(b)(3) identifies several different categories of documents (including motions) that may trigger a right of removal, the statute also provides that this right comes into existence only if the particular document demonstrates "that the case is one which *is or has become* removable." 28 U.S.C.

§ 1446(b)(3) (emphasis added). Here, Plaintiff's motion for leave to file an amended complaint didn't show that the case "is or has become" removable. Instead, it merely reflected that the case *might* become removable in the future, depending on how the state court judge resolved the motion. *See, e.g.*, *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998) ("The statutory language that we quoted speaks of a motion or other paper that discloses that the case is or has become removable, not that it may sometime in the future become removable if something happens, in this case the granting of a motion [to amend] by the state judge. When the motion was granted, the case first became removable . . . .").[1] Thus, although it may be possible for some types of motions to trigger a right of removal under § 1446(b)(3) as soon as they're served on the defendant,[2] the particular motion at issue in this case (Plaintiff's January 28, 2019 motion for leave to file an amended complaint) didn't have that effect.

Second, Equiant identifies several district court decisions from outside the Ninth Circuit holding that "receipt of a motion to amend is sufficient to trigger the thirty-day removal window." (Doc. 12 at 2-4.) According to Equiant, these decisions "establish[] that there is not one correct answer and the Court is free to adopt the approach most clearly supported by the plain language of 28 U.S.C. § 1446(b)." (*Id.*)

Once again, the Court respectfully disagrees. Although it's true that a handful of

---

[1] *Accord McDonough v. UGL UNICCO*, 766 F. Supp. 2d 544, 546 (E.D. Pa. 2011) ("Under 28 U.S.C. § 1446(b), where a case is not initially removable, a defendant may timely remove only after receiving 'a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which *is or has become* removable'—not one that *may* become removable. And a proposed amended complaint that on its face would provide a basis for subject matter jurisdiction does not become removable until it becomes the operative complaint in the case. Where leave to amend is required, an amended complaint cannot be operative until that leave has been granted. Simply put, in federal court, there is simply no such thing as 'contingent' subject matter jurisdiction.").

[2] *See, e.g., Zamora v. Wells Fargo Home Mortgage*, 831 F. Supp. 2d 1284, 1298-99 (D.N.M. 2011) ("Some courts have recognized that a motion seeking leave to amend could trigger an obligation to remove a case, but those cases normally deal with situations where information in the motion indicates that the amount-in-controversy requirement would be satisfied for diversity jurisdiction. . . . [T]he better rule appears to be—at least in federal-question cases—to require the state court to grant the motion to amend before requiring a defendant to remove. A contrary rule would result in unnecessary protective removals and would provide too much uncertainty for defendants.").

courts have reached an opposite conclusion, "[t]he majority of courts have taken the position that the 30 day period commences upon either the granting of the motion to amend or the actual filing of the amended complaint." *Douklias v. Teacher's Ins. & Annuity Ass'n*, 35 F. Supp. 2d 612, 615 (W.D. Tenn. 1999); *see also McDonough*, 766 F. Supp. 2d at 546 ("[T]he better rule (and the majority view) is that an amended complaint that would provide a basis for subject matter jurisdiction does not become removable until the motion to amend is granted and the amended complaint becomes effective.").

C. <u>Plaintiff's Supplemental Brief (Doc. 13)</u>

In addition to questioning whether Equiant's removal effort was premature, the Order also raised "questions about the validity of the proposed new federal claims (which, again, don't exist yet)" that Plaintiff wished to amend her complaint to assert. (Doc. 10 at 2-3.) In her supplemental brief, Plaintiff argues her proposed new federal claims are, in fact, valid. (Doc. 13 at 4-9.)

Because Plaintiff's supplemental brief doesn't address the timing and validity of Equiant's removal notice—which is a threshold issue in this case bearing on the Court's subject matter jurisdiction—it would be improper to address, at this time, the merits of Plaintiff's arguments. That said, the Court will note that most (if not all) of the cases cited in Plaintiff's supplemental brief involved state-law claims for wrongful termination in violation of public policy, not affirmative federal claims under 42 U.S.C. §§ 1981, 1985, and 1986. It's unclear why Plaintiff believes those cases demonstrate that her proposed new federal claims are valid.

D. <u>Conclusion</u>

The Court has no choice but to remand this action to state court. Although this outcome is regrettable—it will result in delay and increase the parties' costs—and although it seems likely that Equiant will simply remove the case again once the state court judge grants Plaintiff's motion to amend,[3] the Court doesn't have discretion to take these

---

[3] Although the state court judge has now issued an order granting Plaintiff's motion to amend (*see* Doc. 12-1), that order was issued after Equiant removed the action to federal court. Thus, the judge may need to reissue the order following remand.

considerations into account when deciding whether it has subject matter jurisdiction. The command of 28 U.S.C. § 1447(c) is clear: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *See also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("We strictly construe the removal statute against removal jurisdiction. Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (citations omitted).

Accordingly, **IT IS ORDERED** that the Clerk of Court shall **remand** this case to the Maricopa County Superior Court and then **terminate** this action.

Dated this 30th day of April, 2019.

Dominic W. Lanza
United States District Judge